**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Ansel J. Halliburton (Bar No. 282906)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ansel@KRInternetLaw.com

Attorneys for Plaintiff Doe 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **DOE 1**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **GOOGLE INC.**, a Delaware corporation; and <br> **JEH CHARLES JOHNSON**, Secretary of the Department of Homeland Security, in his official capacity, inclusive, <br><br> Defendants. | Case No. 3:16-cv-01876 <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> [28 U.S.C. § 2201; 19 U.S.C. § 1509] |

Plaintiff Doe 1, by and through their attorneys of record, states and alleges as follows:

## INTRODUCTION

1. This action arises from an administrative summons issued by an overseas Special Agent of Immigration and Customs Enforcement (ICE), an arm of the Department of Homeland Security (DHS), directed toward Defendant Google Inc. (the "Administrative Summons").

2. The Administrative Summons, dated January 21, 2016, sought information about a Google Analytics account operated by Defendant Google for which Plaintiff Doe 1 is the subscriber.

3. Based on the contents of the Administrative Summons, as well as two similar summonses issued by the same ICE Special Agent to other online service providers, and contemporaneous news reports, Doe 1 is informed and believes that Doe 1 is the target of a campaign by politicians and law enforcement officials in the Republic of Korea to suppress speech—which, under the First Amendment, would be legal in the U.S.—on a website associated with the Google Analytics account identified in the Administrative Summons.

4. Doe 1 brings this action for declaratory relief because, despite Doe 1's request that DHS withdraw the Administrative Summons, DHS has refused to withdraw it, and Google has threatened to comply with the Administrative Summons and produce records unless Doe 1 obtains an order from a court directing Google not to comply.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims because they involve the interpretation and application of the federal Customs Act and federal regulations issued under it. The jurisdiction of this court is therefore founded on 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391 because many of the incidents, events, or omissions complained of and giving rise to the instant claims and controversy

1  occurred within the State of California and this District.

2      7.    This Court has personal jurisdiction over Defendant Google because it is
3  headquartered in and does substantial business in California.

**INTRADISTRICT ASSIGNMENT**

5      8.    Pursuant to Local Civil Rules 3-2 and 3-5, this action should be assigned
6  to the San Francisco Division because a substantial part of the events or omissions that
7  gave rise to the claims occurred in San Francisco, where Google maintains offices, and
8  because DHS maintains an office in San Francisco, which has been involved in this and
9  prior related summonses.

**PARTIES**

11     9.    Plaintiff Doe 1 is an individual, who is not a United States citizen and who
12 resides outside of the United States. Doe 1 is the subscriber for the Google account at
13 issue in the Administrative Summons (the "Google Account"). Because this litigation
14 involves a highly sensitive personal matter and poses a risk of retaliation by foreign
15 persons, Doe 1 seeks to proceed anonymously.

16     10.    Defendant Jeh Charles Johnson is Secretary of the Department of
17 Homeland Security. Mr. Johnson is sued in his official capacity.

18     11.    Defendant Google Inc. is a Delaware corporation headquartered in this
19 judicial district in Mountain View, California, and having offices, employees, and
20 significant operations in this judicial district, including offices in San Francisco.

**FACTUAL ALLEGATIONS**

22     12.    On January 21, 2016, Special Agent Barry Harsa signed a Summons to
23 Appear and/or Produce Records (the Administrative Summons) directed to Google
24 Legal Investigations Support, a section of Defendant Google.

25     13.    The Administrative Summons was prepared on DHS Form 3115, and it
26 states that it is issued under 19 U.S.C. § 1509 ("Section 1509").

27     14.    Special Agent Harsa is an employee of the Department of Homeland
28 Security in its Immigrations and Customs Enforcement division, and is based in the U.S.

Embassy in Seoul, Korea as a Deputy Attaché.

15. The Administrative Summons directs Google to produce the following information, which Special Agent Harsa wrote into Block 3 of the Administrative Summons:

> Please provide any and all information regarding Tracking ID "UA-37617746-1" provided by Google Analytics, to include google account information, user profile, billing information, addresses and phone numbers, and the dates, times and Internet protocol addresses for logins from January 1, 2015 to present.

16. The Administrative Summons indicates that this information (the "Records") shall be produced "before the CBP Officer of ICE Special Agent named in Block 2 at the place, date, and time indicated."

17. Special Agent Harsa indicated his title of "Special Agent" and affiliation with the U.S. Embassy in Seoul in Block 2(A) of the Administrative Summons, giving the address of the U.S. Embassy and his telephone number in Korea (although that telephone number is redacted in the copy of the Administrative Summons that Doe 1 received). This information, as well as Special Agent Harsa's additional role as an Attaché, is again stated in Block 6 of the Administrative Summons.

18. Special Agent Harsa left the "Date" section of the Administrative Summons, Block 2(B), blank, and in the "Time" section, Block 2(C), he wrote "ASAP."

19. Special Agent Harsa has previously issued at least two other administrative summonses, to Yahoo and Microsoft[1].

20. On February 24, 2016, Google notified Doe 1 of the Administrative Summons.

---

[1] On February 2, 2016, Doe 1 filed an action in this court for declaratory relief against Microsoft, case no. 3:16-cv-00545. Doe 1 dismissed that case on February 22, 2016, because DHS withdrew its Customs summons to Microsoft. Doe 1 does not believe this case is required to be related under Civil L.R. 3-12, but is unopposed to the cases being related at the Court's request.

21. Counsel for Plaintiff Doe 1 corresponded with Google, and on March 7, 2016, demanded that Google not comply with the Administrative Summons. Counsel reiterated this demand in additional correspondence on March 14, March 15, and April 1, with no response from Google. Finally, on April 6, 2016, in-house counsel for Google responded, and spoke with Doe 1's counsel by phone. During this conversation, Google's counsel indicated that Google had not yet produced documents in response to the Administrative Summons, but indicated that it may do so unless Doe 1 asserted its rights in court.

22. Counsel for Doe 1 spoke with counsel for DHS by phone on April 7, 2016. Counsel for DHS refused to withdraw the Administrative Summons, and stated that DHS would litigate to enforce it if necessary.

## FIRST CAUSE OF ACTION

### Declaratory Relief Against All Defendants

### 28 U.S.C. § 2201

23. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1–22 above.

24. An actual case or controversy exists between Plaintiff Doe 1 and Defendant DHS because DHS has refused to withdraw the Administrative Summons seeking Doe 1's information.

25. An actual case or controversy exists between Plaintiff Doe 1 and Defendant Google because Google has threatened to produce the Records to DHS unless Doe 1 obtains judicial relief.

26. Section 1509 establishes a legal framework under which DHS may issue certain administrative summonses for inspection of records—including records kept by third parties such as Google—in connection with "insuring compliance with the [customs] laws of the United States…" 19 U.S.C § 1509(a).

27. Section 1509 does not authorize summonses for general law enforcement purposes. Instead, summonses under Section 1509 are authorized only "for the purpose

of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, or for insuring compliance with the laws of the United States administered by the United States Customs Service…"

28. The Administrative Summons to Google seeks information wholly unrelated to these Customs-related goals. Instead, the Administrative Summons is aimed at information from a Google Account from a non-U.S. account holder, related to a non-U.S. website with a non-U.S. audience. The only connection to the U.S. is that Doe 1 holds a Google Account—an activity that falls far outside of Section 1509's statutory authorization. For this reason, the Administrative Summons is invalid.

29. In addition, only the Secretary of DHS or certain enumerated high-ranking deputies may issue a Section 1509 summons. Specifically, "no delegate of the Secretary below the rank of district director or special agent in charge" may issue a Section 1509 summons. 19 U.S.C § 1509(a).

30. Because the Administrative Summons was, on its face, signed by a Special Agent not qualified to do so under Section 1509, the Administrative Summons is further invalid and unenforceable.

31. A Section 1509 summons may only compel production of records or a personal appearance "within the customs territory of the United States." 19 U.S.C. § 1509(a)(2); 19 C.F.R. § 163.7(b). The "customs territory of the United States" is defined as "only the States, the District of Columbia, and Puerto Rico." 19 C.F.R. § 101.1.

32. Because the Administrative Summons, on its face, requests production of documents in Korea, which is beyond the "customs territory of the United States," the Administrative Summons is further invalid and unenforceable.

33. The Administrative Summons is further invalid and unenforceable because it fails to indicate a specific date or time for production of Records. Rather, the Administrative Summons purportedly requires Google to produce the Records "ASAP."

34. Despite the above problems, Defendant Google has still threatened to comply with the Administrative Summons and to produce Records to DHS—unless Doe 1 obtains a court order to the contrary.

35. To avoid irreparable harm stemming from the improper production of the Records sought by DHS, Plaintiff Doe 1 requests that this Court issue a declaratory judgment determining all parties' respective rights and duties under Section 1509 with respect to the Administrative Summons, as well as to any further Section 1509 summons DHS may issue to Google in connection with Doe 1.

36. Under Rule 57 of the Federal Rules of Civil Procedure, Plaintiff Doe 1 requests a speedy hearing of this action for a declaratory judgment.

## PRAYER FOR RELIEF

Plaintiff prays for a judgment against Defendants as follows:

1. For a declaratory judgment that the Administrative Summons is invalid and unenforceable because it is beyond the statutory authority of Section 1509;

2. For a declaratory judgment that the Administrative Summons is otherwise invalid and unenforceable;

3. For temporary, preliminary, and permanent injunctive relief enjoining Defendant Google from producing any information to DHS in connection with the Administrative Summons;

4. For temporary, preliminary, and permanent injunctive relief enjoining DHS from enforcing the Administrative Summons; and

5. Such other and additional relief as the Court deems just and proper.

Dated: April 11, 2016  **KRONENBERGER ROSENFELD, LLP**

By: _s/ Karl S. Kronenberger_
       Karl S. Kronenberger

Attorneys for Plaintiff Doe 1