UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE 1,<br><br>           Plaintiff,<br><br>   v.<br><br>GOOGLE INC., et al.,<br><br>           Defendants. | Case No. 16-cv-01876-DMR<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>Re: Dkt. No. 6 |

Plaintiff Doe 1 filed this suit seeking a declaratory judgment that an administrative summons issued to Google Inc. ("Google") seeking information about Plaintiff's Google Analytics account is invalid and unenforceable. Plaintiff now moves to proceed under a pseudonym. For the following reasons, Plaintiff's motion is granted.

**I.   DISCUSSION**

Plaintiff owns and operates a Korean-language website featuring adult content (the "Website"). Plaintiff's Decl., April 28, 2016, ¶ 1. Plaintiff, who is not a Korean citizen, has never operated the Website from servers located in Korea. Plaintiff states that over the last several years, Korean authorities have threatened to shut down the Website and prosecute its users, staff, and owners, including Plaintiff, and that as a result, Plaintiff has "consistently sought to operate the Website anonymously." *Id*. at ¶¶ 4-6.

Plaintiff states that in early April 2016, European authorities seized the servers on which the Website was hosted, and that Plaintiff has learned that the seizure was at the request of Korean authorities. Plaintiff states that shortly after the seizure, the Korean police announced "that 62 people had been booked on undisclosed charges somehow related to the Website." *Id*. at ¶¶ 7, 8. Several days after the seizure, while traveling internationally, Plaintiff and a companion were detained and harassed by approximately 10 Korean officials, including police officers, and falsely

told that Plaintiff's entry into the country had been rejected and that Plaintiff's companion faced arrest in Korea on undisclosed charges. *Id*. at ¶ 9. Plaintiff believes that Plaintiff "[is] the target of a concerted effort by Korean authorities to suppress [Plaintiff's] speech in operating the Website, to suppress the speech of the Website's users, and to capture and charge both [Plaintiff] and [Plaintiff's] traveling companion" on undisclosed charges that have no legal basis. *Id*. at ¶ 11.

In this lawsuit, Plaintiff challenges an administrative summons issued to Defendant Google by a Department of Homeland Security ("DHS") Special Agent based in the United States Embassy in Seoul, Korea. The summons, which Plaintiff alleges is one of three summonses to online service providers in the United States for information related to the Website, seeks account information for a Google Analytics account for which Plaintiff is the subscriber. Plaintiff sues Google and DHS, seeking a declaratory judgment that the administrative summons is invalid and unenforceable.

Pleadings must ordinarily identify the parties to a suit. Fed. R. Civ. P. 10(a). However, the Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "Anonymity, however, cuts against the bedrock principle that courts and judicial records are open." *Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." (citation omitted)). The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Advanced Textile*, 214 F.3d at 1068. In cases in which a party seeks to proceed anonymously due to the risk of retaliation, courts consider (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3)

1    the anonymous party's vulnerability to retaliation; and (4) the prejudice to the opposing party and
2    whether proceedings may be structured to avoid that prejudice. *Id*. Additionally, "the court must
3    decide whether the public's interest in the case would be best served by requiring that the litigants
4    reveal their identities." *Id*.

5        Here, Plaintiff has satisfied the factors set forth by the Ninth Circuit in *Advanced Textile* to
6    support pseudonymous filing based on the risk of retaliatory physical or mental harm. As to the
7    severity of the threatened harm, Plaintiff asserts that Plaintiff and his or her companion have been
8    threatened with prosecution by the Korean authorities, and that more than 60 individuals have
9    been already been "booked" on undisclosed charges related to the Website. Accordingly,
10   Plaintiff's personal liberty could be in danger should his or her identity be revealed. Plaintiff
11   appears to be vulnerable to retaliation and Plaintiff's fears appear reasonable, given that the
12   servers hosting the Website have been seized, Plaintiff has personally been subjected to
13   harassment by the authorities, and the Website's users face legal action.

14       As to prejudice to the opposing party, Plaintiff's counsel states that he contacted Google's
15   outside counsel and was told on April 26, 2016 that Google "does not have a position on this
16   motion." Halliburton Decl., May 27, 2016, ¶ 4. As to DHS, it seeks Plaintiff's identifying
17   information through the administrative summons at issue. Therefore, requiring Plaintiff to reveal
18   his or her identity would defeat the purpose of the relief requested in this action. The court finds
19   that Defendants would not be prejudiced by Plaintiff proceeding anonymously. Finally, regarding
20   the public interest, the court finds that non-disclosure of Plaintiff's identity will not obstruct the
21   public's scrutiny of the issues in this case.

22   **II.    CONCLUSION**
23       For the foregoing reasons, Plaintiff Doe 1's administrative motion for leave to proceed
24   anonymously is granted. The Clerk of the Court is directed to issue summonses to the Defendants.
25   **IT IS SO ORDERED.**
26   Dated: July 1, 2016

27   _____
28   Donna M. Ryu
     United States Magistrate Judge

